UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>NICOLE C. EASON,<br><br>　　Defendant. | Case No. 15-CR-20015<br><br>Hon. James E. Shadid,<br>Chief United States District Judge,<br>Presiding |

**DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the Defendant, NICOLE EASON, by and through her attorneys ELISABETH R. POLLOCK and PETER W. HENDERSON of the Federal Public Defender's Office for the Central District of Illinois, and for her Sentencing Memorandum states as follows:

**I.　Procedural History**

In December of 2015, this Court presided over the trial of Nicole Eason, in which she made two distinct arguments to the jury: first, that the conduct she engaged in did not legally constitute kidnapping under the law as it exists today, and second, that she did not sexually abuse Minor Victim 1. As stated in her response to the Probation Department, Ms. Eason does not dispute what the jury's verdict was, nor does she dispute the Guidelines range as calculated by the Presentence Report. The legal validity of the jury's verdict is now an issue for appeal.

On June 8, 2016, the Government filed a Sentencing Commentary in which they paint Nicole Eason out to be the worst possible predator and abuser of children known

to mankind, and maintain that a sentence of life *plus* 20 years is an appropriate sentence based on the egregious conduct in this case. The Government continues on to cite a series of cases from across the country in which lengthy sentences were given in "similar" cases, meaning cases with allegedly similar charges (not necessarily similar conduct).

Ms. Eason respectfully disagrees with the Government's overly aggressive recommendation. Regardless of what the Guidelines state, a sentence of 20 years is appropriate and no greater than necessary to accomplish the varying goals of the sentencing statute.

II. **Evaluation of the 3553(a) factors**

   A. Nature and Circumstances of the Offense

The offense of kidnapping has long been understood in the vernacular to mean the forcible taking or restraining of a person against their will. Counsel will not reiterate the entirety of the Rule 29 Motion filed in this case (R. 105), but will restate that there is a legitimate legal argument that Ms. Eason has not actually "kidnapped" anyone within the meaning of the statute. Although we recognize and respect this Court's ruling on that matter, no one can deny that there is a distinct possibility that an appellate court may disagree with the jury's interpretation of what "kidnapping" really is, and thus reverse those convictions. Although her conduct was dishonest and not societally acceptable, Ms. Eason committed no forceful act to procure Minor Victims 1 and 2, did not physically restrain them or threaten their families, and requested no ransom. Simply

put, the "kidnapping" (if it can be called that) was not a violent act as normally understood. At no time did she lie about her name or location, and she did not resist when the parents of these children came to retrieve them. At all times, everyone involved knew who Nicole Eason was (if not what her real job was or her real house looked like), knew her location, and knew the location of the children at issue.

As for the transportation count, Ms. Eason was convicted of securing Minor Victim 1's presence in her home with at least the partial intent of committing an act of sexual abuse towards her. That "act", while originally denied and then reported to be oral sex by Minor Victim 1, turned out to be a one-time instance of digital penetration by Ms. Eason. The testimony at trial did not establish any more than one instance of sexual abuse, and did not establish that Ms. Eason knew of Mr. Eason's individual acts or intended for him to commit them. Much as the Government might wish to, Mr. Eason and Ms. Eason's cases cannot be associated with one another absent actual evidence. Mr. Eason may have admitted certain things in his plea colloquy (which Ms. Eason has consistently denied and which he, for whatever reason, refused to testify to and would not speak to law enforcement agents about during a proffer session), but those facts were not proven at trial, nor has the Government presented any evidence other than a bare inference that proves them today.

The Government also cites to Ms. Eason's serial predation of children and her targeting of them for her own sexual pleasure. However, the evidence at trial showed that Ms. Eason committed a single sexual act on Minor Victim 1; none of the other

victims, be they charged at trial or simply relevant conduct, *ever* reported being inappropriately touched by Ms. Eason. The Government's characterization is simply wrong; while Ms. Eason may have had a pathological need to "mother" children, and showed a willingness to obtain children through deception in order to satisfy this need, she never touched another child in a sexually inappropriate manner. The Government is therefore asking for life in prison for a single instance.

    B.       History and Characteristics of the Defendant

Despite what can only be described as an extremely difficult and rough childhood, Nicole Eason lacks any significant criminal history. She was sexually abused by two different people as a child and was physically abused by her own mother, yet she did not turn to drugs or alcohol. Her "drug" was her need to be a mother, to matter somehow to another person where she never did herself. She engaged in this conduct in order to fulfill that need after her own neglect caused the loss of custody of her biological children, but contrary to the Government's assertions, there is no evidence that she did so with the primary intent of sexually abusing a child. If anything, her primary intent was to satisfy her own need for relevance in society, twisted as it may seem. Ms. Eason worked blue collar jobs and scraped by, along with her husband, but never was able to overcome poverty and or her own perceived irrelevance. Apart from minor offenses, she has never been accused or convicted of anything remotely serious, and has no history of violence, sexual misconduct, or other deviant behavior.

    C.    Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment

Essentially, the Government has argued that because Ms. Eason "continues to argue that she committed no crime," she *has* no respect for the law and must be taught a lesson. This would be an illegal basis to punish Ms. Eason. To preserve legal arguments about the validity of a charged count and argue to an appellate court that no crime has occurred under the *definition* of the law would be tantamount to punishing a defendant for pursuing what are her legally protected, constitutional rights.

    D.    Need to Deter Conduct and Protect the Public

The Government cites extensively to the Reuters series that investigated the practice of rehoming across the country, which was published in 2012. In that investigative series, the Easons were interviewed about their participation in rehoming forums and their procurement of children through the process. These statements were made to a reporter, prior to any criminal charges being filed, and are mere snippets of what is probably multiple hours of interviews taken under abnormal circumstances. Ms. Eason was frankly unaware at the time that her actions were even illegal; all she knew is that she did not want to go through the ICPC and normal regulated channels to adopt a child, but nothing indicates that these pre-indictment statements were made with the knowledge that the activities she was engaged in were indicative of a possible federal felony. The fact is that even if her actions are deemed by an appellate court *not* to formally constitute kidnapping, she is now fully aware that such behavior will not be

tolerated and could subject her to future prosecution under state law or under the ICPC. Her statements from all those years ago, although alienating and defiant, are not evidence that she will commit this conduct again in the future.

    E.    The Need to Avoid Unwarranted Sentencing Disparities

A good deal of the Government's Commentary is devoted to showing this Court that a sentence of life imprisonment plus an additional 20 years is an appropriate sentence for Ms. Eason based on other cases from around the country. This information is misleading, however, as it is merely a small sampling of cases (with no indication as to why they are similar to the instant case) as opposed to national data. According to the United States Sentencing Commission, a sentence of 20 years is actually much more likely to avoid unwarranted disparities, as exemplified by the following:

| Year | Mean Sentence (Kidnapping) | Median Sentence (Kidnapping) | Mean Sentence (Sexual Abuse) | Median Sentence (Sexual Abuse) |
|---|---|---|---|---|
| 2015[1] | 240 months | 240 months | 129 months | 120 months |
| 2014[2] | 209 months | 168 months | 135 months | 120 months |
| 2013[3] | 231 months | 204 months | 139 months | 120 months |
| 2012[4] | 197 months | 168 months | 129 months | 120 months |
| 2011[5] | 226 months | 188 months | 125 months | 108 months |

We could go on like this, but the numbers are similar no matter what year we are talking about. In sum, the approximate national average sentence in kidnapping cases is around 14 to 20 years, while the average sentence in sexual abuse cases is around 8 to 10 years.

With respect to the specific cases cited by the Government, it attempts to compare *United States v. McGuire*, 441 Fed.Appx. 586 (10th Cir. 2011), where the defendant received a 500-month sentence. However, the conduct in that case consists of a defendant who forcibly kidnapped a 10-year old girl from near her home, raped her multiple times, and abandoned her in another state; this after the defendant stalked other minor girls and sexually molested his minor sister-in-law, which is hardly the

---

[1] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2015/7c15.pdf (last visited 6/14/2016)
[2] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2014/7c14.pdf (last visited 6/14/2016)
[3] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2013/7c13.pdf (last visited 6/14/2016)
[4] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2012/7c12.pdf (last visited 6/14/2016)
[5] http://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2011/7c11.pdf (last visited 6/14/2016)

same type of conduct we are talking about here. *McGuire*, 441 Fed.Appx. at 587. Also in *McGuire*, the victim and her family testified live at the sentencing hearing about the heartbreaking and massive disruption to the victim's life, whereas Minor Victim 1 and her parents declined to even present a victim impact statement, and evidence indicates that Minor Victim 1 is a functional teenager experiencing a normal life with her new family.

The Government also cites to *United States v. Watkins*, 667 F.3d 254 (2d Cir. 2012), to justify why this case should result in an upper end Guideline sentence. However, in that case, the defendant had unprotected vaginal intercourse with a 14-year old girl on several occasions over a four-day period and received a sentence of 233 months of imprisonment, far below what the Government is asking for here. *Watkins*, 667 F.3d at 258-60. In fact, the sentence received by Mr. Watkins is in line with what Ms. Eason is requesting, 240 months.

Showcasing just how absurd a life sentence would be in this case, compare for example a case out of this district, *United States v. Jerry Lee Hendricks*, 2:12-cr-20025-SEM-DGB. In that case, the defendant received a sentence of life imprisonment plus 20 years for his conduct, which included taking photographs of himself sexually abusing a seven-year old female. Mr. Hendricks, however, had in excess of <u>14 prior convictions</u> for child sexual abuse out of the State of South Carolina, and had nevertheless continued to perpetrate on minor victims. Are Mr. Hendricks and Ms. Eason truly

comparable to the point that they should be given the exact same sentence? The answer is emphatically no.

WHEREFORE, Defendant NICOLE EASON respectfully requests that this Court impose a sentence of 240 months on Counts 1, 2, and 3, to run concurrently, a term of supervised release deemed acceptable to the Court, no fine, and a $300.00 special assessment.

    Respectfully Submitted,

    NICOLE EASON, Defendant

BY:    /s/ Elisabeth R. Pollock
    ELISABETH R. POLLOCK
    Assistant Federal Public Defender
    300 West Main Street
    Urbana, Illinois 61801
    Telephone: (217) 373-0666
    Facsimile: (217) 373-0667
    Email: Elisabeth_Pollock@fd.org

*CERTIFICATE OF SERVICE*

I hereby certify that on June 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Trial Attorney Elly Peirson and Senior Trial Attorney Jennifer Toritto Leonardo.

<u>/s/ Elisabeth R. Pollock</u>
ELISABETH R. POLLOCK
Assistant Federal Public Defender
300 West Main Street
Urbana, Illinois 61801
Telephone: (217) 373-0666
Facsimile: (217) 373-0667
Email: Elisabeth_Pollock@fd.org